Lester E. Hosto, P.D. Executive Director Arkansas State Board of Pharmacy P. O. Box 55356 Little Rock, Arkansas 72225
Dear Dr. Hosto:
This is in response to your request for an opinion regarding a proposed regulation involving Act 436 of 1975, as amended, which is codified as Ark. Stat. Ann. 72-1047, et seq. (Repl. 1979 and Supp. 1985). You have asked, specifically whether adoption of the following regulation is within the authority of the State Board of Pharmacy:
 A pharmacist shall not dispense a generically equivalent drug product under Section 1 (72-1047) and Section 2 (72-1048) of the Generic Substitution Act (Act 436 of 1975) if:
 A. In the case of a written prescription, on the prescription the prescriber writes in his or her own handwriting words that specify that no substitution shall be made and then also signs the prescription.
 B. The prescriber, in the case of a prescription other than one in writing signed by the prescriber, expressly states at the time the prescription is given, that it is to be dispensed as communicated, and same is reduced to writing on the prescription by the pharmacist, or
 C. The person for whom the drug product is prescribed indicates the prescription is to be dispensed as written or communicated.
The Board's authority to adopt regulations in this regard is established under Section 7 of Act 436 of 1975, as amended by Section II of Act 511 of 1983 (codified as 72-1053 (Supp. 1985)) which states as follows:
 The Board may adopt such reasonable regulations not inconsistent with law, as it shall deem necessary to carry out the purposes and intentions of this Act.
A challenge to this regulation would therefore in all likelihood be premised upon its alleged unreasonableness. Such a challenge would be countered with the assertion that adoption of the regulation is within the Board's authority pursuant to 72-1053, that the regulation is reasonable in light of the purposes and intentions of the Act, and that it is consistent with the substantive provisions involved.
Although there is no case law or other legislative enactment directly on point, a review of Act 436 of 197 offers significant guidance. Act 436 is entitled:
 An Act to Provide for Dispensing Lower Cost Generically Equivalent Drugs; to Create the State Drug Formulary Board; to Allow Pharmacies to Display Prescription Drug Charges; to Require Labeling on Prescriptions; and for Other Purposes.
It is clear that one of the legislature's primary purposes and intentions in enacting Act 436 was to authorize pharmacies to dispense lower cost generically equivalent drugs. The Act begins with the premise that these drugs may be dispensed. Section 2 of the Act, codified as Ark. Stat. Ann. 72-1048 (Repl. 1979), is entitled "Exceptions" and sets forth circumstances in which such drugs shall not be dispensed. The language of 72-1048(a), (b), and (c) clearly envisions and mandates that directions with respect to not substituting a generically equivalent drug be concise and explicit. 72-1048(b) illustrates this fact wherein it is stated that the pharmacist shall not dispense a generically equivalent drug if "the prescriber, in the case of a prescription other than one in writing signed by the prescriber, expressly indicates the prescription is to be dispensed as communicated." (Emphasis added.)
It may therefore be successfully contended that the regulation in question is a proper exercise of the Board's authority to effectuate legislative intent through the adoption of "reasonable regulations not inconsistent with law." 72-1053. The regulation is consistent with the provisions of 72-1048 in establishing requirements that will ensure the clear communication of the prescriber's desire for no substitution to be made. 72-1048 does not foreclose such requirements since it does not address the particular format to be followed. Rather, it simply sets forth basic requirements which include the prescriber's "own handwriting by name or initial" under subsection (a) and an express indication on the part of the prescriber under subsection (b).
This conclusion is reinforced by established principles relating to the question of an unlawful delegation of legislative authority. In considering whether such a delegation has occurred, the Arkansas Supreme Court has stated:
 It is well settled that legislative bodies have no right to delegate the lawmaking power to commissions and boards established by the legislature, but it is equally well settled that the legislature may delegate the power to determine facts upon which the law makes or intends to make its own action depend. (Emphasis added.)
McArthur v. Smallwood, 225 Ark. 328, 331, 281 S.W.2d 428 (1955).
The Board's adoption of this regulation appears to be an appropriate exercise of its delegated authority to determine facts upon which the law makes its own action depend.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.